IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |
|---|---|
| WILLIAM PERRY,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social<br>Security,<br><br>    Defendant. | Civil Action No. 1:17-cv-00132 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's Objections to the Report and Recommendation of the Magistrate Judge dated September 27, 2017. Plaintiff William Perry petitioned this Court pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Defendant") denying his claim for disability insurance benefits and social security insurance under Title II and Title XVI of the Social Security Act. Both Plaintiff and Defendant filed motions for summary judgment. Plaintiff also filed a Motion to Strike Defendant's Memorandum in Support of its Motion for Summary Judgment.

Federal Rule of Civil Procedure 72(b) provides that a

magistrate judge may hear a dispositive motion, without the consent of the parties, and recommend the disposition of the matter to a district judge. FED. R. CIV. P. 72(b). Additionally, the Rule requires a district judge to whom a case is assigned to make a de novo determination on the record, or receive additional evidence, on any portion of the magistrate judge's disposition, to which a party has made a specific written objection. Id. Further, a party must make any objections to the magistrate judge's recommendation within fourteen (14) days of being served with a copy of the order or waives its right to appellate review.

Under 42 U.S.C. § 405(g), the Court's review of a final decision of the Commissioner of Social Security is limited to determining whether there is substantial evidence to support the Commissioner's findings of fact and whether those findings were reached by application of the proper legal standards. Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). After a thorough review and analysis of the administrative record and Plaintiff's assignments of error, the Magistrate Judge found that the Commissioner's decision was supported by substantial evidence. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted. The Magistrate Judge further found that Plaintiff's Motion to Strike was not properly presented,

and therefore recommended that the Motion to Strike be denied.

Plaintiff filed timely objections pursuant to 28 U.S.C. § 636, Rule 72(b), and Local Rule 7, challenging the Magistrate Judge's recommendation regarding the cross motions for summary judgment. Having conducted a de novo review of the administrative record and the controlling case law, and after considering the Plaintiff's objections, this Court agrees with the Magistrate Judge's recommendation.

Plaintiff raises five objections to the Magistrate Judge's recommendation. Plaintiff argues (1) that the Magistrate Judge erroneously affirmed the findings of the Administrative Law Judge (the "ALJ") despite the fact that the ALJ failed to mention or weigh multiple severe impairments; (2) that the Magistrate Judge erroneously rejected Plaintiff's argument that he established an unrebutted prima facie case, where the only contrary evidence was opinions of non-examining physicians; (3) that the ALJ could not rely on the opinions of non-examining physicians; (4) that the ALJ found limitations of Plaintiff's concentration existed, but failed to reflect those in the hypothetical question given to the vocational expert; and (5) that the ALJ's hypothetical question to the vocational expert failed to include other limitations that the ALJ found credible.

Plaintiff's first objection, that the Magistrate Judge erred in failing to conclude that the ALJ committed reversible

error by not discussing certain other impairments from which Plaintiff allegedly suffered, is without merit. The ALJ followed the five-step sequential analysis required for evaluation of a Social Security disability's claimant's eligibility. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). That sequential analysis requires the ALJ to consider whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that equals a condition contained within the Social Security Administration's official Listing of Impairments; (4) has an impairment that prevents past relevant work; and (5) has an impairment that prevents him from any substantial gainful activity. Id.

Plaintiff's first objection challenges the ALJ's step two findings by arguing that the ALJ did not discuss all of the Plaintiff's impairments. However, nearly all of the various impairments that Plaintiff alleges the ALJ omitted from her decision were related to and derived from Plaintiff's cerebral hemorrhage/stroke, which the ALJ did discuss in great detail and found to be a severe impairment. Additionally, although Plaintiff argues that the ALJ should have found anxiety to be a severe impairment, the Magistrate Judge correctly noted that Plaintiff never alleged anxiety when he applied for disability, and Plaintiff's counsel at the administrative hearing expressly represented that there was "no reference to depression or

4

anxiety in the record." Furthermore, after finding that the cerebral hemorrhage/stroke constituted a severe impairment, the ALJ advanced Plaintiff's application beyond step two of the sequential analysis. Thus, the ALJ did not commit reversible error in her step two analysis of Plaintiff's impairments, and her findings were supported by substantial evidence.

Plaintiff further objects in Objections 2 and 3 to the Magistrate Judge's conclusion that the ALJ properly afforded weight to the opinions of state agency physicians, which Plaintiff maintains were unsupported by and inconsistent with the record. The Magistrate Judge addressed and rejected this argument, noting that opinion evidence is relevant, that the ALJ is required to consider and give weight to such, and that the ALJ properly did so in this case. This Court agrees with the Magistrate Judge's conclusion.

Finally, in Objections 4 and 5, Plaintiff objects to the Magistrate Judge's conclusion that the hypothetical provided by the ALJ to the vocational expert for determining whether Plaintiff's impairments would prohibit him from performing any substantial gainful activity was proper. Specifically, Plaintiff argues that the ALJ failed to reflect multiple material limitations in the hypothetical.

The ALJ's hypothetical was based on her determination that Plaintiff could perform unskilled work in a non-production

oriented work setting. The ALJ made this determination after considering and assigning weight to the evidence presented in the record. This Court finds that the ALJ's determination was supported by substantial evidence. The ALJ considered Plaintiff's limitations in determining Plaintiff's residual functioning capacity ("RFC"), and the hypothetical provided to the vocational expert instructed him to assume an individual of Plaintiff's age, education, work experience, and with the same RFC assigned to Plaintiff. Thus, the record indicates that the ALJ did consider and properly include Plaintiff's limitations in the hypothetical provided to the vocational expert.

Based on a de novo review of the evidence in this case, having reviewed the Report and Recommendation and the Plaintiff's Objections, it appears to the Court that the Magistrate Judge's Report and Recommendation is neither clearly erroneous nor contrary to law. Accordingly, this Court affirms the findings of the Magistrate Judge.

For the foregoing reasons, this Court finds that summary judgment should be granted in favor of Defendant. An appropriate order shall issue.

Alexandria, Virginia
December 14, 2017

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE